**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

C. Gordon Lovingood, Jr.; C3 Investments, Inc.; and PPC12, LLC, Appellants,

v.

Victor Apat; Anthony McAllister; J. Eric Wade d/b/a CT Touring; and Pearl CO. SC, LLC; Defendants,

Of whom Anthony McAllister; J. Eric Wade d/b/a CT Touring; and Pearl CO. SC, LLC, are Respondents.

Appellate Case No. 2016-000474

———————

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-282
Heard May 9, 2018 – Filed June 27, 2018

———————

**AFFIRMED**

———————

David B. Marvel, of Charleston, for Appellants.

Trudy Hartzog Robertson and E. Brandon Gaskins, both of Moore & Van Allen, PLLC, of Charleston, for Respondents.

———————

**PER CURIAM:** C. Gordon Lovingood, Jr.; C3 Investments, Inc.; and PPC12, LLC (collectively, Appellants) appeal the circuit court's grant of summary judgment in favor of Anthony McAlister; J. Eric Wade d/b/a CT Touring; and Pearl CO. SC, LLC (collectively, Respondents) in this business dispute. Appellants maintain the circuit court erred in finding no genuine issue of fact exists regarding (1) Respondents' dissociation from PPC12, (2) Respondents' breach of fiduciary duty, and (3) Appellants' right to indemnification under PPC12's operating agreement. We affirm.

1.  As to the issue of dissociation, we conclude no genuine issue of material fact exists regarding Appellants having notice of Respondents' intent to dissociate prior to the aircraft's engine failure on October 28, 2012. *See* S.C. Code Ann. § 33-44-601 (2006) (providing "[a] member is dissociated from a limited liability company upon . . . the company's having notice of the member's express will to withdraw upon the date of notice or on a later date specified by the member"); S.C. Code Ann. § 33-44-602(a) (2006) (stating "[u]nless otherwise provided in the operating agreement, a member has the power to dissociate from a limited liability company at any time, rightfully or wrongfully, by express will pursuant to [s]ection 33-44-601(1))"; S.C. Code Ann. § 33-44-102(a) (2006) ("A person knows a fact if the person has actual knowledge of it."); S.C. Code Ann. § 33-44-102(b) (2006) ("A person has notice of a fact if the person: (1) knows the fact; (2) has received a notification of the fact; or (3) has reason to know the fact exists from all of the facts known to the person at the time in question."); S.C. Code Ann. § 33-44-102(e) ("An entity knows, has notice, or receives a notification of a fact for purposes of a particular transaction when the individual conducting the transaction for the entity knows, has notice, or receives a notification of the fact, or in any event when the fact would have been brought to the individual's attention had the entity exercised reasonable diligence.").

2.  As to the issue of breach of fiduciary duty, we conclude no genuine issue of material fact exists regarding Appellants' failure to demonstrate damages from any alleged breach of fiduciary duty. *See RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 335-36, 732 S.E.2d 166, 173 (2012) ("To establish a claim of breach of fiduciary duty, the plaintiff must prove (1) the existence of a fiduciary duty, (2) a breach of that duty owed to the plaintiff by the defendant, and (3) damages proximately resulting from the wrongful conduct of the defendant.").

3.  As to the issue of contractual indemnity, we conclude no genuine issue of material fact exists regarding Respondents' obligation to indemnify Appellants for the costs incurred in repairing the aircraft after the catastrophic engine failure on

October 28, 2012.  *See Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 389, 611 S.E.2d 235, 237 (2005) ("There are two forms of indemnity: contractual indemnity and indemnity implied in law, or 'equitable indemnity.'  Contractual indemnity involves a transfer of risk for consideration, and the contract itself establishes the relationship between the parties." (citation omitted)); *Clary v. Borrell*, 398 S.C. 287, 297, 727 S.E.2d 773, 778 (Ct. App. 2012) ("The operating agreement of a limited liability company is a binding contract that governs the relations among the members, managers, and the company."); *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 499, 649 S.E.2d 494, 502 (Ct. App. 2007) ("If a contract's language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and its language determines the instrument's force and effect.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**